Joseph M. RIDGE et al., Appellants,

v.

Lenvil R. HALL, Commissioner, Department of Banking and Securities, Commonwealth of Kentucky and Lisle Baker, Receiver, American Building and Loan Association, Appellees (two cases).

Court of Appeals of Kentucky.

June 1, 1973.

Preston L. Terry, III, John G. O'Mara, Louisville, for appellants.

Arthur W. Grafton, Stuart E. Lampe, James N. Williams, Jr., Louisville, for Lisle Baker, Receiver of American Building and Loan Association.

Thomas C. Carroll, Louisville, for Lenvil R. Hall, Commissioner of Banking and Securities, Commonwealth of Kentucky.

CULLEN, Commissioner.

We have before us two appeals (which have been consolidated), one from each of two separate orders entered by the Jefferson Circuit Court in an action brought by the Commissioner of Banking of Kentucky against American Building and Loan Association, to place the association in receivership because of its alleged "impaired condition," KRS 289.760. The appellants are members of the board of directors of the association, who were authorized under KRS 289.760 to contest the proceeding.

The complaint in the action was filed on April 3, 1972. Immediately upon the filing of the complaint, and without notice or service of process, the circuit court entered an order appointing a temporary receiver.

Subsequently, on April 18, the appellant directors intervened in the action and filed an answer denying that the association was in an impaired condition. On that same day the circuit court, without holding an evidentiary hearing or making findings of fact, entered an order appointing a permanent receiver. The first appeal before us is from that order, of April 18, 1972, and the ground of that appeal is that the court erred in appointing a receiver without conducting an evidentiary hearing on the question placed in issue by the appellants' answer, of whether the association was in an impaired condition, and without making a finding of such condition.

On June 27 and 28, 1972, while the appeal from the order of April 18 was pending, the circuit court did hold an eviden-tiary hearing, in which all parties participated, on the question of whether the association was in an impaired condition on April 3, 1972. The court thereafter made detailed findings of fact and conclusions of law, answering the question in the affirmative. On July 14, 1972, on the basis of those findings and conclusions, the circuit court entered an order reaffirming the appointment of the receiver. The second appeal before us is from that order, and the ground of that appeal is that the findings of fact were not supported by sufficient evidence and the conclusions of law based on those findings were contrary to law.

■ Since an evidentiary hearing eventually was held and we are going to affirm the July 14 order based on that hearing, and since there is no claim of any special prejudice occurring in the time between the April 3 order and the July 14 order, the appeal from the April 3 order is moot, and we are affirming the order on that ground. See Wakenva Coal Co. v. Johnson, 234 Ky. 558, 28 S.W.2d 737.

The factual issue at the hearing in the circuit court was whether the association was in an "impaired condition," KRS 289.-760. That term is defined in KRS 289.011 to mean:

"A condition in which the assets of an association in the aggregate do not have a fair value equal to the aggregate amount of liabilities of the association to its creditors, including its members and all other persons."

The books of the association at the time the receivership action was brought showed assets of $19,410,674.71 and liabilities of $18,737,668.54, making a net worth of $673,006.17. In finding that the association was in fact insolvent, the circuit court found that the book value of the assets should be reduced by $1,295,823.90, and the liabilities should be increased by $165,412.01, thus making the association insolvent to the extent of $788,279.74. The appellants concede that some of the adjust-

ments were correct, but argue that the others were not warranted by the evidence, and that the association had a net worth, after the proper adjustments, of $189,502.-13.

▪ Without going into any considerable detail, we shall indicate briefly why we are of the opinion that the evidence warranted the finding that the association was insolvent in a substantial amount. One of the assets carried on the books of the association was the equity in an office building. The title to the building was in the individual name of the president of the association (allegedly under an unwritten agreement to hold it as trustee for the association) and the building was subject to a mortgage of some $3,375,000. The equity in the building was carried on the books (after an adjustment which the appellants concede was proper) at $514,000. There was evidence that the equity was worthless, in that the building had no value above the amount of the mortgage. So even without regard to the nebulous state of the title, the evidence warranted the finding of the circuit court that this claimed asset should be written off.

Another claimed asset was a loan to Aire International, Inc., carried on the books at a value of $294,155.82. The evidence warranted the finding that Aire Internationale was hopelessly insolvent and that the most that could be hoped to be collected on the loan was $90,000. Thus the trial court had ample support in the evidence for the finding that $204,155.82 of the book value of the loan should be written off.

The association had executed a contract with its former president, for the payment of pension benefits to him over a period of ten years. The present value of payments due under that contract was $103,700. This was not carried on the books of the association as a liability, but the circuit court found that it should be. There was evidence that under correct accounting practices such a contract (although it contemplated some consulting services by the former president), should be carried as a liability. That evidence supports the circuit court's finding.

▪ The adjustments above mentioned had the effect of making the association insolvent to the extent of more than $600,000. This is enough, we think, to show a substantial impaired condition, so we need not discuss the other adjustments on the basis of which the total impairment was found to be in the neighborhood of $800,000.

▪ The appellants' argument that the circuit court's conclusions of law are contrary to law is in substance that the findings did not warrant the conclusion that the association was in such an impaired condition as to warrant a receivership under KRS 289.760 rather than a mere conservatorship under KRS 289.750. The appellants maintain that the evidence showed only a situation of improper practices which could have been corrected simply by giving notice to the board of directors in accordance with KRS 289.720, or at the most by conservatorship under KRS 289.-750; that there were adequate remedies other than a receivership and that the legislature did not intend a receivership to be invoked except in situations that could not be remedied short of a dissolution.

It is provided in KRS 289.760 that the Commissioner of Banking may apply for a receivership if in his judgment the public interest requires it. It is our opinion that the record in the instant case amply supports the commissioner's judgment that the situation of the association was beyond remedy by conservatorship or mere departmental action. The connections of American with Prudential Building and Loan Association, which latter association obviously was in hopeless insolvency, were entitled to be considered. We think the commis-

sioner was fully warranted in his evaluation of the requirements of the public interest.

Both judgments are affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.